UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PATRICK W. HEAPS, et al,

        Plaintiffs,                          Case No. 2:10-cv-729
                                         JUDGE GREGORY L. FROST
       v.                                     Magistrate Judge Norah McCann King

SAFELITE SOLUTIONS, LLC, et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Strike Untimely Opt-In Plaintiffs (ECF No. 79) and Plaintiffs' Response to Defendants' Motion to Strike and Plaintiffs' Motion for Order Allowing Late Opt-Ins (ECF No. 85). For the reasons that follow, the Court **DENIES** Defendants' motion and **GRANTS** Plaintiffs' motion.

**I.  Background**

On April 5, 2010, the Court conditionally certified this case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and authorized Plaintiffs to provide potential class members with expedited notice of opportunity to opt-in. (ECF No. 26.) The Court approved the parties' proposed notice and directed Plaintiffs to issue the notice. (ECF No. 32.) The notice provided 45 days to opt-in to the conditionally certified class, setting a deadline of June 14, 2011. (ECF No. 32-1.)

On or before this date, Plaintiffs filed 208 consent forms from individuals wishing to opt-in to the conditionally certified class. Additionally, Plaintiffs filed 21 consent forms

1

between June 20, 2011 and August 24, 2011, even though the cutoff date had passed.

On September 9, 2011, Defendants filed a motion requesting that the Court strike the late-filed notices of the 21 potential opt-in plaintiffs. (ECF No. 79.) On September 30, 2011, Plaintiffs filed a combined memorandum in opposition to Defendants' motion to strike and motion for an order permitting the 21 opt-in plaintiffs to join the conditionally certified class. (ECF No. 85.) The parties did not file any further briefing on this issue.

## II. Discussion

The FLSA provides the procedure for potential plaintiffs to opt-in to a collective action but does not specify when the potential plaintiff must opt-in. *See* 29 U.S.C. §§ 216(b), 255, 256. Consequently, deadlines to opt-in are established by the trial court. The FLSA also does not "provide a standard under which a court should consider whether to include opt-in plaintiffs whose consent forms are filed after the court-imposed deadline has passed." *Ruggles v. Wellpoint, Inc.*, 687 F. Supp.2d 30, 37 (N.D. N.Y. 2009).

> Although the caselaw on this issue is wide-ranging, courts have generally decided the question by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA.

*Id.* (citing *Ayers v. SGS Control Servs., Inc.*, 2007 WL 3171342, at *4-5 (S.D. N.Y. Oct. 9, 2007) (requiring that late opt-in plaintiffs show good cause for their untimely consent filings), *Robinson-Smith v. Gov't Empl. Ins. Co.*, 424 F. Supp.2d 117, 123-24 (D. D.C. 2006) (considering the potential prejudice to the defendant and the purposes of the FLSA), *Raper v. State of Iowa*, 165 F.R.D. 89, 92 (S.D. Iowa 1996) (considering potential prejudice to the defendant and judicial economy), *Monroe v. United Air Lines, Inc.*, 94 F.R.D. 304, 305 (N.D. Ill.

1982) (considering how long after the deadline the consent forms were filed); *but see Reyes v. Texas Ezpawn, L.P.*, 459 F. Supp.2d 546, 566-67 (S.D. Tex. 2006) (dismissing plaintiffs who filed consent forms after the opt-in period without any discussion of the above factors)).

Balancing all of the above factors, the Court finds that the 21 opt-in plaintiffs may be properly added despite their failure to submit consent notices prior to the Court's deadline. Although Plaintiffs have offered no good cause for their failure to timely file these consent forms, all of the other factors weigh in their favor. *See id.* (permitting late consent opt-in plaintiffs to join collective class even though the plaintiffs offered no good cause for their failure to timely file, but all other factors weighed in their favor); *In Re Wells Fargo Home Mortgage Overtime Pay Litigation*, No. MDL 06-01770 MHP, 2008 WL 4712769 at *2 (N.D. Cal. Oct. 23, 2008) (rejecting a "rigid application of a 'good cause' standard" because it "does not fully respond to the various factors with which the court must concern itself" such as judicial economy and prejudice to the defendant) (citing *Raper*, 165 F.R.D. at 89).

Given that over 200 persons have consented to opt-in, the inclusion of these 21 plaintiffs, approximately 10% increase in the size of the potential class, will not overly burden or prejudice Defendants. *See Abubakar v. Co. of Solano*, No. Civ. S-06-2268, 2008 WL 550117 at *2 (E.D. Cal. Feb. 27, 2008) (holding a 15% increase in liability, 23 plaintiffs added to a class of 155, was not prejudicial). Also, all of these consent notices were filed with the Court within a few months after the deadline and the majority of them within one month, not presenting any unfair surprise or requiring that Defendants take any additional steps to defend this action. *See Raper*, 165 F.R.D. at 92 (finding no prejudice to the defendant by allowance of the addition of plaintiffs even after liability had been determined). Thus, Defendant has not been prejudiced by a

significant delay and the addition of these opt-in plaintiffs should not hamper the discovery process already underway.

In terms of judicial economy, were the Court to deny the admission of these plaintiffs, they would still be able to file separate claims for relief against Defendant, who would still face the prospect of defending against their individual FLSA claims. *See Ruggles*, 687 F. Supp.2d at 37 (citing 29 U.S.C. § 256(b)). Indeed, Plaintiffs suggest that they would file separate actions and then request consolidation with the instant action. (ECF No. 85 at 6) (the untimely plaintiffs "only option will be to file identical, individual claims with the Court" and this Court would be permitted to consolidate those individual lawsuits under Fed. R. Civ. P. 42(a) "because the cases will all 'involve a common question of law or fact' "). "Obviously, there is little economy in spawning identical FLSA lawsuits that themselves might be properly joined with this lawsuit in the future." *Ruggles*, 687 F. Supp.2d at 38 (citing *Abubakar*, 2008 WL 550117 at *2) (noting the futility in requiring late opt-in plaintiffs to file separately given the foreseeability of a consolidation order pursuant to Fed. R. Civ. P. 42(a)).

Finally, this Court agrees with other courts' holdings that with respect to the FLSA, "[a] generous reading, in favor of those whom congress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines." *Kelley v. Alamo*, 964 F.2d 747, 750 (8th Cir.1992) (citation omitted); *see also Ruggles*, 687 F. Supp.2d at 38 (agreeing with a generous reading of the FLSA in favor of those whom congress intended to benefit from the statute in late opt-in circumstance); *In re Wells Fargo Home Mortg. Overtime Pay Litigation*, 2008 WL 4712769 at *2 (same); *Schaefer-LaRose v. Eli Lilly & Co.*, No. 1:07-cv-1133-SEB-TAB, 2008 WL 5384340, at *2 (S.D. Ind. Dec. 17, 2008) (same).

### III. Conclusion

Based on the foregoing, the Court **DENIES** Defendants' Motion to Strike Untimely Opt-In Plaintiffs (ECF No. 79) and **GRANTS** Plaintiffs' Motion for Order Allowing Late Opt-Ins (ECF No. 85). The late-filed consent notices of potential opt-in plaintiffs Jamie Ramirez, Arlene Stoyer, Jackie Ward, Mallory Watson, Maria De-Ruiz, Michael Precht, Kim Hadley, Robert Ugland, Genelle Johnson, Collins Eshun, Charity Justman, Brandon Walker, Duan Witcher, Marylynn McDermott, Dorlisa Robinson, John Boone, Scottie Derr, Leonard Williams, Michelle Beyer, Anthony Walker, and Jessica Chaney shall be considered timely.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**